IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:19-cr-00174 |
| Plaintiff, | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Vascura |
| MICHAEL T. SUTHERIN, | : |
| | : |
| Defendant. | : |

## PROTECTIVE ORDER

Upon consideration of the Stipulation for Entry of a Protective Order in connection with documents and information disclosed to the Defendant in this case, it is hereby:

**ORDERED** that for purposes of this Order, all discovery materials provided by the Government to defense counsel of record in whatever form (hereinafter, the "Discovery Materials") are presumptively governed by this Order, subject to amendment by further agreement of the parties or order of this Court;

**FURTHER ORDERED** that the Discovery Materials shall be used solely in connection with the preparation and litigation of the Defendant's legal defense in this case;

**FURTHER ORDERED** that the "Defense Team" (defined as attorneys of record[1] or attorneys employed by or retained by attorneys of record, support staff, investigators, experts, and agents of attorneys of record retained and/or consulted by defense counsel for the purpose of assisting in the legal defense of this case) may take reasonable steps necessary to load the

---
[1] This specifically includes Mark J. Mahoney.

Discovery Materials onto secure servers or networks or password-protected encrypted electronic drives from which the Defense Team may access, review, download, print, and copy the Discovery Materials;

**FURTHER ORDERED** that the Defendant, and others as permitted by this Order and as directed by the Defense Team, may access and review the Discovery Materials on the secure servers or networks or password-protected hard drives as well as in hard copy form where needed;

**FURTHER ORDERED** that while the Defendant is detained, he may review the Discovery Materials if another member of the Defense Team is present; however, the Defendant may not maintain any physical or electronic copies of Discovery Materials while Defendant is detained outside of meetings with one or more members of the Defense Team;

**FURTHER ORDERED** that all persons who are provided access to confidential information contained in the Discovery Materials in connection with the preparation and defense of this matter shall keep that information confidential and not further disseminate or further disclose any such information, and shall be advised of the existence of and a copy of this Protective Order, and defense counsel of record shall require such persons outside the Defense Team to sign a copy of this Protective Order affirming his or her compliance with said Order;

**FURTHER ORDERED** that no person who accesses or receives information contained in the Discovery Materials from defense counsel of record is permitted to further disseminate or further disclose any such information;

**FURTHER ORDERED** that, as to all persons who are provided access to information contained in the Discovery Materials, as authorized by this Order, in connection with the preparation and defense of this matter, all defense counsel of record, or their designee, shall advise

each of these persons of his or her obligation not to further disseminate or further disclose the information;

**FURTHER ORDERED** that counsel of record shall maintain all copies of this Order in their files until the conclusion of this litigation, including all appeals;

**FURTHER ORDERED** that Discovery Materials falling within the following categories shall be filed with the Court for the purposes of litigation either under seal or in a redacted format[2]:

1. Any information for which redaction is required under Fed. R. Civ. P. 5.2;

2. Any personal identifying information, including social media account names, of an individual who may be, or may have been at the time, under the age of eighteen; and

3. Any health information, including mental health or psychological information;

**FURTHER ORDERED** that information contained in legal briefs or memorandums derived from Discovery Materials must protect the identities of minor individuals, including social media account name(s), by using initial(s) or pseudonym(s), or by filing under seal if disclosure of the minor individual(s)'s personal identifying information is necessary in the context of the legal brief or memorandum;

**FURTHER ORDERED** that within 120 days the Government shall designate – by category of documents – which category of documents continue to be governed by this Protective Order. Categories of documents not so designated shall no longer be subject to this Protective Order. If Defendant wishes to challenge the designation of materials as protected, he may do so after giving the Government fourteen (14) days' notice to reconsider, after which he may at any time move that the designation of materials as protected be lifted or modified in any respect, and

---

[2] Exhibits derived from the Discovery Materials that are used at trial or pre-trial hearings do not have to be filed under seal, although they must still have the necessary redactions.

the Court will then decide whether any specific categories of documents, or individual documents will continue to be protected, and to what extent, by this Protective Order.

**IT IS SO ORDERED.**

      /s/ Algenon L. Marbley  
**ALGENON L. MARBLEY**  
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 26, 2019**