# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:19-cr-00174 |
| vs. | : | CHIEF JUDGE MARBLEY |
| MICHAEL T. SUTHERIN, | : | MAGISTRATE JUDGE VASCURA |
| Defendant. | : | |

## MOTION FOR LEAVE TO FILE OVERSIZE SENTENCING MEMORANDUM

Defendant Michael Sutherin, through undersigned counsel, respectfully moves this Court for leave to file an sentencing memorandum greater than the 10-page limit imposed by the current scheduling order [56], or, alternatively, an extension to file a submission to no later than October 20, 2020.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

**Harrington & Mahoney**

**/s/ Mark J. Mahoney**
MARK J. MAHONEY
New York State No. 1619071
70 Niagara Street, 3rd Floor
Buffalo, New York 14202
P: (716) 853-3700
F: (716) 853-3710
mjm@harringtonmahoney.com

Counsel for Defendant

## MEMORANDUM

The parties have received the Court's notice that the sentencing hearing has been scheduled for December 4, 2020 at 10 a.m. [56]. Sentencing submissions are due by October 13, 2020, and that submissions cannot be longer than 10 pages except by leave of the Court. *Id.* Counsel for defendant Michael Sutherin move this Court for permission to file submissions over this page limit. The reason for this request is to provide necessary information to the Court about serious, complex issues which will bear greatly on not just the prospective sentence, but also how the Bureau of Prisons (BOP) classifies and treats Mr. Sutherin after he is incarcerated.

Mr. Sutherin is due to be sentenced after pleading guilty to two counts of enticement of a minor (18 U.S.C. § 2422(b)) and two counts of receipt of child pornography (18 U.S.C. § 2252(a)(2)). The plea agreement was entered pursuant to Rule 11(c)(1)(C) of the Rules of Criminal Procedure. If this Court accepts the plea, the agreed-upon sentence will be 180 months of imprisonment.

If the Court accepts the plea agreement with the prescribed sentence, there are other issues which the Court will need to decide at sentencing, including, but not limited to: the term of supervised release; the amount of restitution to be ordered; and what conduct shall be considered

2

relevant for the purposes of judgment. This sentencing will also address other matters upon which the Court has considerable input: Mr. Sutherin's security-risk classification in the BOP; the facility to which he will be designated; what programs, if any, he may be directed to participate in while incarcerated; and what information about him and his case shall be provided to the BOP.

As the Court is aware, Mr. Sutherin suffers from autism spectrum disorder (ASD), a pervasive developmental disorder that impairs virtually every aspect of his life, including his involvement in this offense. The defense has made considerable presentation to the government about this disorder and how it affects Mr. Sutherin. This presentation included psychological reports by two psychologists who evaluated Mr. Sutherin. Their reports were provided to the Court in support of Mr. Sutherin's unsuccessful motion for pre-sentence release [47]. In its order denying that motion [49], the Court recognized the extent and importance of these reports in this case, extensively quoting the report by Dr. McConnell about Mr. Sutherin's deficits in communication and social understanding [*cf.* 49 at 3, *et seq.*]. The material presented to the Court in that submission was, however, only a small portion of the information presented previously to the government, which included a voluminous 146-page memorandum and several dozen pages of supporting exhibits. Presentation of this material led, in-part, to the unusual plea bargain offered by the government.

The material in the memorandum would discuss the psychological nature of ASD, the role it plays in these offenses, Mr. Sutherin's life history, how his ASD is evident in his behavior, and how the science of ASD offers significant assurances that he will not pose a risk to others after his release, notwithstanding the serious nature of the offense. The reality of Mr. Sutherin's ASD makes this case unique and provides unusual context for the nature of Mr. Sutherin's actions.

The defense has already drafted a substantial memorandum incorporating this information, which is essentially complete. The defense needs to present more than 10 pages of information about Mr. Sutherin to fully address the § 3553(a) factors. Also, 18 U.S.C. § 3661 encourages courts to accept broad presentations on "the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." While this statute clearly allows the court discretion in what information can be submitted, it still shows Congress' clear desire to allow a fuller presentation about a defendant at sentencing to alleviate concerns about due process and effective assistance of counsel.

The purpose of this request is not to inundate the Court with information, but to help ensure that the Court has access to all the relevant information it needs to decide outstanding issues that await the parties at sentencing, including information which will not be provided in the Pre-Sentence Report. The purpose is also to ensure that the BOP has access to this material, as the defense will ask the Court at sentencing to direct that a copy of the memorandum is attached with whatever materials are forwarded by the Court to the BOP when Mr. Sutherin is remanded to BOP custody. This will ensure that the facility to which he is designated will have the resources it needs to make accommodations for his disability as required by law under the Americans With Disabilities Act.

In sum, a fuller presentation at sentencing will be vital for ensuring the defendant's due process rights and right to effective assistance of counsel, as it ensures that the Court will have access to all the relevant information pertaining to his conduct.

Alternatively, should the Court deny this request, it is respectfully requested that the defense have an extension of one week, to no later than October 20, 2020, to re-write and condense our existing draft memorandum into a smaller one. Additional time will be needed for this as both

Mr. Mahoney and some of his staff will be unavailable over the holiday weekend and would be unable to work on re-writing the memorandum until mid-next week.

        Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

**Harrington & Mahoney**

**/s/ Mark J. Mahoney**
MARK J. MAHONEY
New York State No. 1619071
70 Niagara Street, 3rd Floor
Buffalo, New York 14202
P: (716) 853-3700
F: (716) 853-3710
mjm@harringtonmahoney.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to Assistant U.S. Attorneys Heather Hill and Courter Shimeall, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215, on October 7, 2020, by electronic mail.

**/s/ David H. Thomas**
DAVID H. THOMAS

26819547.1